UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, and THE TRUSTEES OF PRINCETON UNIVERSITY, <br><br> Plaintiffs, <br><br> v. <br><br> NANG KUANG PHARMACEUTICAL CO., LTD., and CANDA NX-2, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No. 1:14-cv-01647-TWP-DKL ) ) ) ) ) ) |

**ENTRY ON MOTION FOR JURISDICTIONAL DISCOVERY**

This matter is before the Court on a motion filed by Plaintiffs Eli Lilly and Company ("Lilly") and the Trustees of Princeton University (collectively, "Plaintiffs"), for Jurisdictional Discovery and to Stay Defendants' Motion to Dismiss (Filing No. 33). Defendants Nang Kuang Pharmaceutical Co., Ltd. ("Nang Kuang") and CANDA NX-2, LLC ("CANDA") (collectively, "Defendants"), filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), asserting that this action should be dismissed because the Court lacks personal jurisdiction over the Defendants. In response, Plaintiffs filed the instant motion requesting leave to conduct discovery to respond to Defendants' motion and to stay the motion to dismiss. Plaintiffs seek additional factual information relating to both the Court's general and specific personal jurisdiction over Defendants, including (1) Defendants' contacts with Indiana, including contacts that will exist upon approval of the Abbreviated New Drug Application ("ANDA"); (2) Nang Kuang's alleged contacts with Texas, which Nang Kuang claims defeats jurisdiction under Federal Rule of Civil Procedure 4(k)(2); and (3) the relationship between Nang Kuang and CANDA, which Plaintiffs

claim bears on Defendants' argument that CANDA is an indispensable party without which this suit cannot proceed.

"Jurisdictional 'discovery is appropriate where the existing record is inadequate to support personal jurisdiction *and* a party demonstrates that it can supplement its jurisdictional allegations through discovery.'" *LG Electronics, Inc. v. Quanta Computer Inc.*, 520 F. Supp. 2d 1061, 1072 (W.D. Wis. 2007) (quoting *Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005)) (additional quotations omitted). It is within the Court's discretion to permit jurisdictional discovery. *Ticketreserve, Inc. v. viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009) (citing *Cent. States, Se. and Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000)). "Generally, courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdiction issue." *Id*.

Plaintiffs have not demonstrated that the factual record is ambiguous or unclear on the issue of jurisdiction, and the Court finds there is sufficient evidence in the record for the Plaintiffs to make out a prima facie case of personal jurisdiction without the need for additional discovery. Plaintiffs request discovery bearing on the issue of whether this Court has general jurisdiction over Defendants by virtue of their contacts with Indiana, requesting not only information about their past and current conduct, but future conduct as well. Discovery of this information is not warranted for two reasons. First, "[p]ersonal jurisdiction cannot be based on future contacts, even if such contacts are allegedly 'inevitable.'" *Sys. Software Assocs., Inc. v. Trapp*, No. 95 C 3874, 1995 WL 506058, at *6 (N.D. Ill. Aug. 18, 1995). The cases cited by Plaintiffs regarding the Court's inquiry into future conduct relate to the issue of infringement, not the issue of personal jurisdiction. *See Sunovion Pharm., Inc. v. Teva Pharm. USA, Inc.*, 731 F.3d 1271, 1280 (Fed. Cir. 2013)

("[W]hen a drug manufacturer seeks FDA approval to market a generic compound within the scope of a valid patent, it is an *infringement* as a matter of law.") (emphasis added). Plaintiffs cannot address the issue of infringement until they clear the personal jurisdiction hurdle, and activities that have not yet occurred cannot form the basis for general personal jurisdiction. Thus, inquiry into Defendants' intended conduct following the presumed approval of the ANDA is not relevant to the question of whether the Court currently has general jurisdiction over Defendants.

Second, an analysis of Defendants' anticipated future conduct is not necessary in order for the Plaintiffs to address Defendants' specific jurisdiction arguments. Plaintiffs need only demonstrate that the Court has *either* general or specific personal jurisdiction, not both. Specific jurisdiction arises where the cause of action arises out of or relates to a defendant's purposefully established contacts with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Historically in ANDA litigation, "general jurisdiction . . . provided the basis to assert jurisdiction over generic drug company defendants." *Eli Lilly & Co. v. Mylan Pharm., Inc.*, No. 1:14-CV-00389-SEB-TA, 2015 WL 1125032, at *5 (S.D. Ind. Mar. 12, 2015) (quoting *AstraZeneca AB v. Mylan Pharm., Inc.*, No. CV 14-696-GMS, 2014 WL 5778016, at *6 (D. Del. Nov. 5, 2014) *motion to certify appeal granted sub nom. Astrazeneca AB v. Aurobindo Pharma Ltd.*, No. CV 14-664-GMS, 2014 WL 7533913 (D. Del. Dec. 17, 2014)). Courts focused on the defendants' regular business solicitation and distribution of substantial quantities of pharmaceuticals in the forum, as well as substantial revenues from those sales. *See Eli Lilly and Co. v. Mayne Pharma (USA) Inc.*, 504 F. Supp. 2d 387 (S.D. Ind. 2007). However, the Supreme Court's decision in *Daimler AG v. Bauman*, 134 S.Ct. 746, 761 (2014), altered the analysis with respect to general jurisdiction and held that the defendant's "affiliations with the State [must be] so 'continuous and systematic' as to render [it] essentially at home in the forum state" and clarified

that in all but "exceptional cases" a corporation is "at home" only in its place of incorporation and principal place of business.  134 S.Ct. at 761 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011)).  The *Daimler* decision rendered the factors on which courts have traditionally focused in ANDA cases insufficient, without more, to support an exercise of general jurisdiction, thus leaving plaintiffs to rely upon specific jurisdiction to pursue claims against foreign generic drug manufacturers in Hatch-Waxman actions.

Only a few district courts have had occasion to address the issue of specific jurisdiction in the context of ANDA litigation since the Supreme Court's decision in *Daimler*.  District Courts in Delaware and Indiana have focused on the unique nature of ANDA litigation in finding that because the Hatch-Waxman Act is "'a statutory creation, distinct from making, using, or selling a patented technology' it therefore 'has no readily apparent situs of injury for the purpose of finding specific jurisdiction.'"  *Eli Lilly & Co. v. Mylan Pharm., Inc.*, 2015 WL 1125032, at *5 (quoting *AstraZeneca*, 2014 WL 5778016, at *6).  However, a finding that the act of filing an ANDA is not directed to *any* jurisdiction is "a result we find illogical."  *Id.* at *6.  Thus, the Indiana District Court concluded that the defendants "purposefully directed their activities at Indiana by sending a Paragraph IV certification notice letter to Lilly in Indiana, which they knew would trigger the forty-five day period within which Plaintiffs were empowered to file suit under the Hatch-Waxman framework," thus providing the minimum contacts with the forum for purposes of finding that the court had specific jurisdiction over the defendants.  *Id.* at *7.

Based upon these recent developments in the law governing personal jurisdiction in Hatch-Waxman actions, the Court finds that there is already sufficient evidence in the record for Plaintiffs to respond to the motion to dismiss, as Plaintiffs are already in possession of Defendants' ANDA.  The additional discovery requested by Plaintiffs would essentially amount to a fishing expedition

into issues unrelated to the question of whether the Court has personal jurisdiction over Nang Kuang and CANDA.  Plaintiff's Motion for Jurisdictional Discovery and to Stay Defendants' Motion to Dismiss ([Filing No. 33](#)) is therefore **DENIED**.[1]  Plaintiffs shall have **fourteen (14) days** from the date of this Entry to file their response to Defendants' motion to dismiss, and Defendants' reply brief shall be due within **seven (7) days** after service of Plaintiffs' response brief.

    **SO ORDERED.**

Date: 6/15/2015

                                              TANYA WALTON PRATT, JUDGE
                                              United States District Court
                                              Southern District of Indiana

DISTRIBUTION:

Jan M. Carroll
BARNES & THORNBURG LLP
jan.carroll@btlaw.com

Aya Cieslak-Tochigi
FARNEY DANIELS PC
atochigi@farneydaniels.com

Steven R. Daniels
FARNEY DANIELS PC
sdaniels@farneydaniels.com

Michael A. Siem
FARNEY DANIELS, PC
msiem@farneydaniels.com

Anthony R. Jost
RILEY BENNETT & EGLOFF LLP
tjost@rbelaw.com

Stephanie Snell Chaudhary
RILEY BENNETT & EGLOFF LLP
schaudhary@rbelaw.com

---

[1] Likewise, Defendants' request for leave to take discovery on the Plaintiffs' pre-filing investigation forming the basis for their allegations that Defendants are subject to general personal jurisdiction in Indiana is also denied.

Andrew V. Trask
WILLIAMS & CONNOLLY
atrask@wc.com

Adam L. Perlman
WILLIAMS & CONNOLLY LLP
aperlman@wc.com

Bruce Roger Genderson
WILLIAMS & CONNOLLY LLP
bgenderson@wc.com

David M. Krinsky
WILLIAMS & CONNOLLY, LLP
dkrinsky@wc.com

Dov P. Grossman
WILLIAMS & CONNOLLY, LLP
dgrossman@wc.com

Ellen E. Oberwetter
WILLIAMS & CONNOLLY, LLP
eoberwetter@wc.com